```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF INDIANA
                       SOUTH BEND DIVISION

VIRGIL JUSTIN SMITH,           )
                               )
     Petitioner,               )
                               )
          vs.                  )    CAUSE NO. 3:16-CV-00718
                               )
SUPERINTENDENT,                )
                               )
     Respondent.               )
```

### OPINION AND ORDER

This matter is before the Court on the Petition under 28 U.S.C. Paragraph 2254 for Writ of Habeas Corpus filed by Virgil Justin Smith, a pro se prisoner, on October 17, 2016, and a motion asking the court to alter or amend its order requiring him to file an amended petition on the proper form as required by Section 2254 Habeas Corpus Rule 2. For the reasons set forth below, the motion to alter or amend (DE 4) is **GRANTED** and the petition is **DISMISSED** for want of jurisdiction.

DISCUSSION

Smith is attempting to challenge the rescission of 60 days earned credit time which had been previously restored. Indiana affords inmates the opportunity to earn back lost time if they are well behaved. The details of how credit is earned back are not relevant to this case. What is relevant is that after Smith earned back 60 days which he had previously lost, the restoration was

rescinded on October 25, 2015, because he had been found guilty of assault in violation of A-102 on October 23, 2015, in case ISP 14-04-220 at the Indiana State Prison. This was done administratively pursuant to Policy 02-04-101.

> Any credit time restored as a result of a successful petition for restoration is conditioned upon the offender's continued good conduct. Once a petition for restoration is approved, any subsequent guilty finding on violations of a Class A or B conduct code shall cause all previously-approved petitions for restoration . . . to be rescinded . . . with, the original credit time deprivation(s) to be reinstated.

The Disciplinary Code for Adult Offenders, Policy 02-04-101 at 47, available at [http://www.in.gov/idoc/files/02-04-101_The_Disciplinary_Code_for_Adult_Offenders___6-1-2015.pdf](http://www.in.gov/idoc/files/02-04-101_The_Disciplinary_Code_for_Adult_Offenders___6-1-2015.pdf).

Smith does not dispute that he is the inmate who was found guilty at that disciplinary hearing. Nevertheless, in his motion, he argues that he is not challenging the disciplinary hearing because the rescission of these 60 days was not a sanction specifically imposed by the Disciplinary Hearing Officer (DHO). Nevertheless, the 60 days were rescinded as a direct result of that disciplinary hearing. "Indiana prisoners have a liberty interest in earned good-time credits and must be afforded due process before those credits may be taken away." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016). Here, Smith received due process at the hearing where he was found guilty of assault on October 23, 2015. Therefore, to the extent that he is trying to

challenge the loss of those 60 days, he can do so only by challenging that hearing.

However, Smith has already unsuccessfully challenged that disciplinary hearing in a habeas corpus proceeding and he cannot do so again without authorization from the United States Court of Appeals for the Seventh Circuit. In *Smith v. Superintendent*, 3:15-CV-607 (N.D. Ind. filed December 16, 2015), the court addressed the merits of his claims and denied his habeas corpus petition. Smith appealed and the Seventh Circuit affirmed in *Smith v. Neal*, No. 16-1361, 2016 WL 4507893 (7th Cir. Aug. 29, 2016).

As such, this is an unauthorized successive petition over which this court has no jurisdiction. *See* 28 U.S.C. § 2244(b)(3)(A). "A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996) (emphasis in original). Because Smith has not obtained authorization from the Seventh Circuit to file a successive petition, this case must be dismissed because this court lacks jurisdiction over it.

Finally, because this court does not have jurisdiction over this case, it is irrelevant whether Smith used the proper form. Therefore his motion asking the court to alter or amend the order requiring him to file an amended petition will be granted.

<u>CONCLUSION</u>

For the reasons set forth above, the motion to alter or amend (DE 4) is **GRANTED** and the petition is **DISMISSED** for want of jurisdiction.

DATED: November 7, 2016           /s/RUDY LOZANO, Judge
                                                   United States District Court